Argued and submitted October 30, reversed November 1, reconsideration denied December 7, 1984, petition for review denied March 6, 1985 (298 Or 773)

FRIEDMAN et al,
*Respondents,*

*v.*

PAULUS,
*Appellant.*

(151880; CA A33697)

689 P2d 1330

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for appellant. With him on the memorandum of law was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Robert A. Sacks, Portland, argued the cause for respondents. With him on the memorandum of law was Jolles, Sokol & Bernstein, P.C., Portland.

Before Joseph, Chief Judge, and Richardson and Young, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Appellant[1] is the Secretary of State of Oregon. She refused to accept papers that were filed to nominate a member of respondent Citizen's Party of Yamhill County as a candidate in the 1984 general election for state representative from House District 29. That district is comprised of part of Yamhill County and of a small area in Marion County. The Citizen's Party did not have a candidate in the district in 1982. However, pursuant to ORS 249.732(1), a member of the party did run for Yamhill County Clerk in the 1982 election and received votes within the part of House District 29 in Yamhill County that exceeded five percent of the total votes cast in House District 29 as a whole for the office of United States Representative.

The basis for appellant's refusal to accept the nominating papers was her conclusion that the Citizen's Party does not qualify as a "minor political party" in House District 29 under ORS 249.732 and the Secretary of State's rules. She therefore concluded that the party could not nominate a candidate for the office under ORS 249.705 *et seq.* Respondents appealed the refusal to the circuit court, ORS 246.910, which ruled in their favor. Appellant appeals, and we reverse.

The principal issue in this appeal is how ORS 249.732 applies to these facts. That statute provides:

"An affiliation of electors becomes a minor political party * * *:

"* * * * *

"(2)  When the affiliation of electors has polled for any one of its candidates for any public office in the state, county or other electoral district for which the nomination is made, at the last general election, at least five percent of the entire vote cast for Representative in Congress in the electoral district."

Appellant understands the statute as conferring minor political party status within a particular electoral district only on an affiliation of voters that qualified as a minor political party and had a candidate in the last general

---

[1] We refer to the parties by their designations in this court.

election who ran *only* in that district *and* received the requisite number of votes. Respondents disagree. They argue:

> "It is not necessary that the party have previously run a candidate for a House District seat or for an office that was elected only by House District 29 voters, provided that over 5% of House District 29's voters voted for a candidate of the party in the last election."

█ We conclude that the statutory language does not support respondents' argument. Although the statute may be ambiguous in other respects, it does clearly contemplate that there be a territorial nexus between the electoral district where the party's candidate polled votes in the preceding election and the "district for which the nomination is made" in the present election. Part of House District 29 is *outside* the territorial limits of the county in which the Citizen's Party's candidate for clerk ran in the 1982 election. The necessary connection between the electoral district in which the party previously offered a candidate and the district where it now seeks to do so is therefore absent.

We expressly do not decide whether the broader implications of appellant's or respondents' arguments would be correct as applied to any facts that are not before us, *e.g.*, a minor party candidacy in a district that is wholly *within* the territory of the state, a county or a district in which a candidate of the party ran in the preceding general election and received the specified number of votes. Because we decide this appeal on the basis of the statute, we also find it unnecessary to consider whether the Secretary of State's rules on which she relies are consistent with the statute.

█ We have considered respondents' consititutional arguments, and we conclude that the statute is not unconstitutional on its face or as applied here.

Reversed.